UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION
                                                       NO. 05-4182

PERTAINS TO:  ALL LEVEE                          SECTION "K"(2)
                   ALL MRGO

### ORDER AND REASONS

Before the Court is Defendant United States of America's Motion for a Stay of All Cases Apart from Barge, Robinson, and the Levee and MRGO Master Class Action Cases.  (Doc. 9057).  By this motion, the United States seeks to stay all complaint, cross-claims, counterclaims, *etc.* brought under the Federal Tort Claims Act and in Admiralty against the United States under Levee or MRGO, but not including the Barge, *Robinson*, and the Levee and MRGO Master Class Action Complaints.  Plaintiffs' Liaison Counsel joined in this motion and the only opposition thereto was filed by C.R. Pittman Construction Company, Inc. with respect to C.A. No. 07-2771 which case was dismissed on January 16, 2008.

As of the date this motion was filed, November 15, 2007, the United State is currently named as a defendant in over 300 complaints (in addition to over 45 remanded or dismissed cases) brought under the *In re: Katrina* umbrella.  At the end of August 2007,  in anticipation of the statutory deadline for filing complaints containing allegations under the Admiralty Extension Act (AEA), approximately 270 suits were filed under both the FTCA and the AEA naming the United States as a defendant.  The allegations in these unanswered complaints are substantially similar, if not identical to complaints  previously filed and answered or pending motion for dismissal.  Furthermore, the Master Complaints filed in Levee and MRGO incorporate substantially all allegations made in those complaints into one pleading.  There is ongoing-

discovery and preparation for trial in those Master Complaints.

It is within this Courts discretionary power to stay cases when proceedings in another matter involve similar issues. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This discretion derives from "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Id.* Furthermore the stay requested here also is a recommended case management technique. *Manual for Complex Litigation (4th )*, Section 22.314 ("a court may stay or defer decisions in the cases before it until more advanced cases or dispositive motions pending in other courts are concluded"). Clearly this Court has attempted to organize and adjudicate matters dealing with the Levee and MRGO litigation to prevent duplication of discovery and streamlining these matter for trial. These other, more newly-filed suits are best catagorized as "tag-alongs" and as such will be dealt with after the major issues in the Master Levee and MRGO complaints have been fleshed out. Staying these other cases is in the interest of judicial economy, not only for the Court but for the litigants as well. Accordingly,

**IT IS ORDERED** that Defendant United States of America's Motion for a Stay of All Cases Apart from Barge, *Robinson,* and the Levee and MRGO Master Class Action Cases. (Doc. 9057) is **GRANTED.** No further motion practice shall occur in any other matter concerning FTCA or AEA claims against the United States until the stay is lifted upon the resolution of the immunity issues inherent therein as proceeding under the CMO No. 4 in the Master Complaints, Barge and *Robinson.* The United States shall provide the Court with a specific list of the cases and case numbers of these matters.

New Orleans, Louisiana, this   17th   day of January, 2008

STANWOOD R. DUVAL, JR.

                                      **UNITED STATES DISTRICT COURT JUDGE**